

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**JEFFREY LEON BANKS,**

     Plaintiff,

v.                                     Civil Action No. **3:13CV363**

**LOVE SCOTT,** *et al.*,

     Defendants.

### REPORT AND RECOMMENDATION

Jeffrey Leon Banks, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983[1] action in the United States District Court for the Western District of Virginia. On June 3, 2013, the Western District transferred the matter to this Court. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Jurisdiction for Banks's § 1983 claim is appropriate pursuant to 28 U.S.C. §§ 636(b) and 1343.

### Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any *in forma pauperis* action if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B); *see* 28 U.S.C. § 1915A. The

---

[1] The statute provides, in pertinent part:

     Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates,* 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570,

2

rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### Summary of Allegations

Banks's original Complaint (ECF No. 1) failed to coherently articulate how the named defendants violated his constitutional rights. Accordingly, by Memorandum Order entered on July 9, 2013, the Court directed Banks to file a particularized complaint.[2] On July 18, 2013,

---

[2] The July 9, 2013 Memorandum Order directing Banks to particularize his complaint provided detailed instructions as to how he should do so. Those instructions directed him to identify what civil rights he believed Defendants violated. The Court cautioned Banks that the particularized pleading would supplant his prior complaint, and that it must stand or fall on its own accord.

Banks filed his Particularized Complaint (ECF No. 13). Nevertheless, as explained below, the

Particularized Complaint fails to provide a cognizable basis for liability under 42 U.S.C. § 1983.[3]

In his Particularized Complaint, Banks alleges the following:

> I was sued by Love Scott for rape. I did not rape anyone and I never have. Filing a false police report, [s]lander[,] wrongful appropriation. This female also exposed herself to me . . . . This is clearly indecent exposure. Lieutenant Agnu was present as a witness to this. This young lady also performed oral sex on tape with me. I did not give her my permission. This is clearly rape. In closing[,] I want $250,000 money taken from me and a[n] additional $500,000 for restitution. I was the victim.

(Particularized Compl. 1 (as paginated by the Court's CM/ECF docketing system).) The events

Banks describes allegedly took place during his incarceration at the Piedmont Regional Jail in

Farmville, Virginia. (Compl. 2 (as paginated by the Court's CM/ECF docketing system), ECF

No. 1.)

### Analysis

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a

person acting under color of state law deprived him or her of a constitutional right or a right

conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke*

*Valley*, 145 F.3d 653, 658 (4th Cir. 1998). Banks neither alleges that the Piedmont Regional Jail

employed Love Scott, nor provides any facts to support an inference that Scott acted under color

of state law. *See Wollstein v. Mary Washington Hosp./Hospice*, No. 3:08CV252-HEH, 2008 WL

2987203, at *3 (E.D. Va. Aug. 4, 2008) ("Plaintiff makes no allegation in his Complaint that [the

defendant] qualifies as a state actor or was acting under the color of state law. Thus, he has

---

[3] Although Banks initially brought this action under § 1983, he failed to mention § 1983 in his Particularized Complaint. The Court nonetheless addresses the Particularized Complaint as brought pursuant to § 1983, as Banks suggests no other basis for this Court's jurisdiction.

failed to state a claim under § 1983 . . . ."). Banks similarly fails to identify any constitutional

right violated by Scott's conduct. *See Shanklin v. Seals*, No. 3:07CV319, 2010 WL 1225741, at

*14 (E.D. Va. Mar. 26, 2010) (dismissing a § 1983 claim when plaintiff "faile[d] to allege what

constitutional right [was] implicate[d], much less any violation of a constitutional right.").

Accordingly, Banks has failed to allege a cognizable § 1983 claim against Scott. It is

RECOMMENDED that Banks's § 1983 claim against Scott be DISMISSED.

Furthermore, Banks fails to include any reference to the second defendant, Vicki Marcil,

in his Particularized Complaint. *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a

complaint alleges no specific act or conduct on the part of the defendant and the complaint is

silent as to the defendant except for his name appearing in the caption, the complaint is properly

dismissed, even under the liberal construction to be given [to] pro se complaints." (citing *U.S. ex

rel. Brzozowski v. Randall*, 281 F. Supp. 306, 312 (E.D. Pa. 1968))). Thus, Banks has failed to

allege a claim against Marcil. Accordingly, it is RECOMMENDED that Banks's § 1983 claim

against Marcil be DISMISSED.

Banks's Particularized Complaint also states that Scott "[f]ile[d] a false police report,

[s]lander[ed]," and "wrongful[ly] appropriate[ed]" from Banks. (Particularized Compl. 1 (as

paginated by the Court's CM/ECF docketing system).) These claims fail to arise under the

Constitution, laws, or treaties of the United States, *see* 28 U.S.C. § 1331,[4] and Banks fails to state

---

[4] "The district courts shall have original jurisdiction of all civil actions arising under the
Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

any facts to support federal diversity jurisdiction. *See* 28 U.S.C. § 1332.[5] Accordingly, to the extent Banks seeks to bring state law tort claims, the Court lacks jurisdiction to rule on such claims. Accordingly, it is RECOMMENDED that these claims be DISMISSED WITHOUT PREJUDICE.

If Banks wishes to file an amended complaint to correct the deficiencies described above, he must submit an amended complaint within fourteen (14) days of the date of entry hereof. *See Williams v. Wilkerson*, 90 F.R.D. 168, 170 (E.D. Va. 1981). Such complaint must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to each claim against each defendant. Banks must also state what civil rights he believes each defendant violated and explicitly state how said defendant's actions violated each constitutional right. Any amended complaint will supplant the current complaint and all prior submissions. The amended complaint must stand or fall of its own accord.

Banks is advised that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate

---

[5] The statute provides, in pertinent part:

> **(a)** The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>> **(1)** citizens of different States;
>> **(2)** citizens of a State and citizens or subjects of a foreign state . . . ;
>> **(3)** citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>> **(4)** a foreign state, defined in section 1603(a) of this title [28 U.S.C. § 1603(a)], as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332.

6

Judge's findings.   Failure to timely file specific objections to the Report and Recommendation may result in the dismissal of his claims.   *See* Fed. R. Civ. P. 72(b).   It may also preclude further review or appeal from such judgment.   *See Carr v. Hutto*, 737 F.2d 433, 434 (4th Cir. 1984).

The Clerk is DIRECTED to promptly send a copy of the Report and Recommendation to Banks.

/s/

M. Hannah Lauck
United States Magistrate Judge

Date:   APR 18 2014
Richmond, Virginia

7