IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JEFFREY LEON BANKS,

    Plaintiff,

v.                                                                                  Civil Action No. **3:13CV363**

LOVE SCOTT, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Jeffrey Leon Banks, a Virginia state prisoner proceeding *pro se* and *in forma pauperis*, brings this civil rights action.[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I.     BACKGROUND

The Magistrate Judge made the following findings and recommendations:

**Preliminary Review**

    Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any *in forma pauperis* action if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

---

[1] The statute provides, in pertinent part:

    Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### Summary of Allegations

Banks's original Complaint (ECF No. 1) failed to coherently articulate how the named defendants violated his constitutional rights. Accordingly, by Memorandum Order entered on July 9, 2013, the Court directed Banks to file a particularized complaint.[2] On July 18, 2013, Banks filed his Particularized

---

[2] The July 9, 2013 Memorandum Order directing Banks to particularize his complaint provided detailed instructions as to how he should do so. Those instructions directed him to identify what civil rights he believed Defendants

2

Complaint (ECF No. 13). Nevertheless, as explained below, the Particularized Complaint fails to provide a cognizable basis for liability under 42 U.S.C. § 1983.[3]

In his Particularized Complaint, Banks alleges the following:

> I was sued by Love Scott for rape. I did not rape anyone and I never have. Filing a false police report, [s]lander[,] wrongful appropriation. This female also exposed herself to me .... This is clearly indecent exposure. Lieutenant Agnu was present as a witness to this. This young lady also performed oral sex on tape with me. I did not give her my permission. This is clearly rape. In closing[,] I want $250,000 money taken from me and a[n] additional $500,000 for restitution. I was the victim.

(Particularized Compl. 1 (as paginated by the Court's CM/ECF docketing system).) The events Banks describes allegedly took place during his incarceration at the Piedmont Regional Jail in Farmville, Virginia. (Compl. 2 (as paginated by the Court's CM/ECF docketing system), ECF No. 1.)

## Analysis

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). Banks neither alleges that the Piedmont Regional Jail employed Love Scott, nor provides any facts to support an inference that Scott acted under color of state law. *See Wollstein v. Mary Washington Hosp./Hospice*, No. 3:08CV252-HEH, 2008 WL 2987203, at *3 (E.D. Va. Aug. 4, 2008) ("Plaintiff makes no allegation in his Complaint that [the defendant] qualifies as a state actor or was acting under the color of state law. Thus, he has failed to state a claim under § 1983 ...."). Banks similarly fails to identify any constitutional right violated by Scott's conduct. *See Shanklin v. Seals*, No. 3:07CV319, 2010 WL 1225741, at *14 (E.D. Va. Mar. 26, 2010) (dismissing a § 1983 claim when plaintiff "faile[d] to allege what constitutional right [was] implicate[d], much less any violation of a constitutional right."). Accordingly, Banks has failed to allege a cognizable § 1983 claim against Scott. It is RECOMMENDED that Banks's § 1983 claim against Scott be DISMISSED.

---

violated. The Court cautioned Banks that the particularized pleading would supplant his prior complaint, and that it must stand or fall on its own accord.

[3] Although Banks initially brought this action under § 1983, he failed to mention § 1983 in his Particularized Complaint. The Court nonetheless addresses the Particularized Complaint as brought pursuant to § 1983, as Banks suggests no other basis for this Court's jurisdiction.

3

>Furthermore, Banks fails to include any reference to the second defendant, Vicki Marcil, in his Particularized Complaint. *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given [to] pro se complaints." (citing *U.S. ex rel. Brzozowski v. Randall*, 281 F. Supp. 306, 312 (E.D. Pa. 1968))). Thus, Banks has failed to allege a claim against Marcil. Accordingly, it is RECOMMENDED that Banks's § 1983 claim against Marcil be DISMISSED.
>
>Banks's Particularized Complaint also states that Scott "[f]ile[d] a false police report, [s]lander[ed]," and "wrongful[ly] appropriate[ed]" from Banks. (Particularized Compl. 1 (as paginated by the Court's CM/ECF docketing system).) These claims fail to arise under the Constitution, laws, or treaties of the United States, *see* 28 U.S.C. § 1331,[4] and Banks fails to state any facts to support federal diversity jurisdiction. *See* 28 U.S.C. § 1332.[5] Accordingly, to the extent Banks seeks to bring state law tort claims, the Court lacks jurisdiction to rule on such claims. Accordingly, it is RECOMMENDED that these claims be DISMISSED WITHOUT PREJUDICE.

(April 18, 2014 Report and Recommendation (alterations and omissions in original).) The Court advised Banks that he could file objections or an amended complaint within fourteen (14) days after the entry of the Report and Recommendation.

---

[4] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

[5] The statute provides, in pertinent part:

>**(a)** The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>**(1)** citizens of different States;
>**(2)** citizens of a State and citizens or subjects of a foreign state . . . ;
>**(3)** citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>**(4)** a foreign state, defined in section 1603(a) of this title [28 U.S.C. § 1603(a)], as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332.

## II. STANDARD OF REVIEW FOR REPORT AND RECOMMENDATION

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). In the absence of a specific written objection, this Court may adopt a magistrate judge's recommendation without conducting a de novo review. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

## III. ALLEGATIONS FILED POST-REPORT AND RECOMMENDATION

On June 17, 2014, sixty (60) days after the entry of the Report and Recommendation, the Court received an untitled letter from Banks. ("Letter," ECF No. 16.) It states, in part:[6]

> 1. Love Scott was employed by Piedmont Regional Jail. She sued me for false rape. $200,000 was given to her by Vicki Marcil.
> 2. I want a CIA polygraph performed to determine the truth.
> 3. The cost of courts sessions and things I know are coming.
> 4. Love Scott was involved in the hunting and murder of innocent Native Americans in Eureka, VA! Mrs. Hogan was responsible!
> 5. I do not want any killer associated with murder sucking my penis.
> 6. Public embarrassment being accused of rape while being incarcerated may have resulted in my rape as well!
> 7. She is a victim witness or supporter who knew my wife.
> 8. She knew I was being held under no indictment and no bond. My case was self[-]defense. She told staff about my case and said "he raped his wife!"

---

[6] The Court has corrected the capitalization and punctuation in the quotations from Banks's Letter.

5

      9. Indecent exposure in front of Lt. Agnue pretty much means she worked there. Hello!

(Letter 1–2.)

Banks then begins a new list, which appears to be a combination of requested relief ("cost of polygraphs (CIA)" (*id.* at 2)) and alleged harms ("public embarrassment being associated with someone who hunted humans!" (*id.*)). In the closing paragraph, Banks concludes: "Vicki Marcil I will see you again. I don't care what you say regarding that trash. She had a[n] assassination attempt on my life placed. I killed three people. I'm still here. Thank you!" (*Id.* at 3.)

The federal *in forma pauperis* statute allows the courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B). The frivolous standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D.Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). This latter category encompasses "allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (internal citations and quotation marks omitted). Although the Court may not dismiss an *in forma pauperis* action as frivolous simply because the Court finds plaintiff's allegations unlikely, assessing frivolousness is a decision entrusted to the discretion of the Court. *Id.* at 33 ("[W]e are confident that the district courts, who are 'all too familiar' with factually frivolous claims, are in the best position to determine which cases fall into this category." (quoting *Neitzke*, 490 U.S. at 327)).

In his Letter, Banks alleges that Scott worked for the Piedmont Regional Jail, and accordingly may qualify as a state actor under § 1983. His failure to allege this in his Particularized Complaint provided one ground for the Magistrate Judge's earlier recommendation that his claims be dismissed. His recent Letter attempts to amend this defect in his initial pleadings.[7] Now, one of Banks's § 1983 claims appears to be that Scott, a jail employee, raped Banks by performing oral sex on him, and falsely accused him of rape after the incident. Reviewed individually, some elements of Banks's claims, however implausible they may seem, could have a credible basis in fact. *Id.* at 33 ("Some improbable allegations might properly be disposed of on summary judgment, but to dismiss them as frivolous without any factual development is to disregard the age-old insight that . . . truth is always strange, [s]tranger than fiction." (internal citation and quotation marks omitted)). However, when viewed in the context of his other allegations, it is nonetheless appropriate to dismiss Banks's claims as frivolous.

Banks's allegations, as well as his requested relief, are "fanciful, fantastic, and delusional" and "rise to the level of the irrational or the wholly incredible." *Id.* For example, Banks claims that Scott also hunted and murdered innocent Native Americans in Eureka, Virginia. (Letter 1.) He further claims that Marcil arranged a murder for hire, but Banks survived because he killed the three alleged assassins. (*Id.* at 3.) He demands not only financial relief, but also "CIA polygraph[s]" of everyone involved. (*Id.* at 1.) His demand for monetary recovery allegedly redresses harms including his "public embarrassment" from Scott, a "killer[,] associated with murder[,] sucking [his] penis." (*Id.* at 2.) He identifies a Mrs. Hogan as

---

[7] Because Banks now alleges facts that could support the conclusion that Scott acted under color of state law, the Court declines to adopt this basis for the Magistrate's recommendation to dismiss Banks's claim.

"responsible," although he never previously mentioned this individual, nor does he explain her role. (*Id.*) To the limited extent that some of Banks's other allegations are marginally less "fantastic or delusional," *Denton*, 504 U.S. at 32, the Court's review of a litigant's claims is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (discussing the importance of context when deciding if a pleading fails to state a claim under Rules 8 and 12(b)(6)) of the Federal Rules of Civil Procedure) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Accordingly, because the Court finds that the allegations in Banks's June 17, 2014 Letter are frivolous as defined by the *in forma pauperis* statute, they will be dismissed.

## IV. CONCLUSION

The Report and Recommendation will be accepted and adopted, subject to the qualification described in note 7, *supra*. Banks's claims and the action will be dismissed as legally and factually frivolous. The Clerk will be directed to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

Date: 10-22-14
Richmond, Virginia

/s/
James R. Spencer
Senior U. S. District Judge